Richard Emmett SMILEY, Appellant,

v.

STATE OF CALIFORNIA, Louis S. Nelson, Warden, Appellee.

No. 24979.

United States Court of Appeals, Ninth Circuit.

May 17, 1971.

Rehearing Denied June 14, 1971.

Richard Emmett Smiley, in pro. per.

Evelle J. Younger, Cal. Atty. Gen., San Francisco, Cal., for the appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM:

Appellant, a California state prisoner, appeals from an order of the United States District Court for the Northern District of California, filed September 4, 1969, denying his application for writ of habeas corpus and dismissing the proceedings.

Following a plea of "Not Guilty," and a non-jury trial, appellant was convicted of the crime of child molesting (California Penal Code, Sec. 288.) No appeal was taken.

On October 10, 1963, he was sentenced to imprisonment for from one year to

life, which term was ordered to run concurrently with "time owed".

Following an examination of appellant's petition for habeas corpus, the district judge, by order filed February 18, 1969, rejected all of appellant's contentions except the following:

"However, petitioner further alleges that he was coerced into signing a confession; that his plea of not guilty by reason of insanity was involuntary; and that reference was made to his prior criminal record during the course of the preliminary hearing."

Appellee was then directed to file a return to appellant's petition, and appellant was granted the opportunity to file a traverse to such return. The return and traverse were lodged with the district court, including a transcript of the preliminary hearing of appellant, and a transcript of appellant's trial.

Relying on the record before it, the district court rejected appellant's three contentions above mentioned, finding:

1. That the confession was freely and voluntarily given, and alternatively that appellant waived the right to contest the voluntariness of his confession because of his failure to object to its admission into evidence;

2. That the "involuntary" plea of "not guilty by reason of insanity" [made in addition to his plea of "not guilty"] in no way prejudiced appellant since he was found sane and given a trial on the merits; and

3. That there was no impropriety and no prejudice in the reference to appellant's criminal record during the course of the preliminary examination.

From our examination of the record in this case, we are satisfied that the district court correctly decided all issues tendered by appellant except its rulings in respect to appellant's confession.

No evidentiary hearing was ever held in state or federal courts on the voluntariness of appellant's confession.

■ We are satisfied that the allegations appearing in appellant's petition and traverse relating to the coerced and involuntary character of the confession are sufficient to require an evidentiary hearing under the teachings of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ The alternate holding of the district court that appellant is precluded from asserting that his confession was coerced and involuntary rests solely on the failure of his counsel to object to its admission in evidence. From Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837 (1963), we learn that mere failure to object does not necessarily establish a deliberate by-pass of orderly state court procedure. There must be in the record something else to show that this was "an intentional relinquishment or abandonment of a known right or privilege," to use the Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) test applied in Fay v. Noia, *supra.*

■ We find nothing in the record to support the doctrine applied by the district court in its alternate holding except counsel's failure to object. As stated in Fay v. Noia, *supra,* 372 U.S. at page 439, 83 S.Ct. at page 849:

"If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—*though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default.*" (Emphasis added.)

In our view the district court erred in failing to conduct an evidentiary hearing before making its alternate holding.

■ The cause is remanded to the district court for an evidentiary hearing on the voluntariness of appellant's confession, and on the issue of whether counsel's failure to object to the admission of the confession in evidence was a deliberate and intentional by-pass of orderly state court procedure.

If the issues should be resolved adversely to appellant, the relief sought should be denied; otherwise, appropriate relief should be granted.